**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Osvaldo Padron, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 17-cv-502 |
| - vs. – | **COMPLAINT** |
| Sohab Inc. d/b/a European Republic, Aziz Yosofi, and John Does #1-10, | |
| Defendants. | |

Plaintiff Osvaldo Padron, by and through his undersigned attorneys, for his complaint against defendants Sohab Inc. d/b/a European Republic, Aziz Yosofi, and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

<u>**NATURE OF THE ACTION**</u>

1. Plaintiff Osvaldo Padron alleges on behalf of himself and on behalf of other similarly situated current

and former employees of defendants Sohab Inc. d/b/a European Republic, Aziz Yosofi, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Padron further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for unlawful deductions consisting of defendants' failure to reimburse him for his "tool of the trade," (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Mr. Padron is an adult individual residing in Freeport, New York.

4.   Mr. Padron consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Sohab Inc. d/b/a European Republic ("European Republic") is a New York corporation with a principal place of business at 126 West Merrick Road, Freeport, New York.

6.   At all relevant times, defendant European Republic has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.   Upon information and belief, at all relevant times, defendant European Republic has had gross revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, defendant European Republic has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, defendant European Republic has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant Aziz Yosofi is an owner or part owner and principal of European Republic, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Aziz Yosofi was involved in the day-to-day operations of European Republic and played an active role in managing the business.

12. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of European Republic, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

13. Defendants constituted "employers" of Mr. Padron as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Padron's state law

claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Padron's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Padron seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since January 23, 2014, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Mr. Padron in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18.   They  are  further  similarly  situated  in  that defendants  had  a  policy  and  practice  of  knowingly  and willfully  refusing  to  pay  them  the  minimum  wage  or overtime.

19.   Mr.  Padron  and  the  Collective  Action  Members perform  or  performed  the  same  or  similar  primary  duties, and  were  subjected  to  the  same  policies  and  practices  by defendants.

20.   The  exact  number  of  such  individuals  is  presently unknown,  but  is  known  by  defendants  and  can  be  ascertained through  appropriate  discovery.

## FACTS

21.   At  all  relevant  times  herein,  defendants  owned and  operated  several  restaurants  under  the  name  European Republic,  including  one  located  at  126  Merrick  Avenue, Freeport,  New  York.

22.   Mr.  Padron  was  employed  at  European  Republic  from approximately  October  2014  through  January  2017.

23.   Mr.  Padron  was  employed  as  a  delivery  person; however,  he  also  had  numerous  duties  inside  the  restaurant, such  as  food  preparation  and  dishwashing.   He  spent  roughly two-thirds  of  his  time  doing  deliveries,  and  one-third  on his  other  duties.

24. Mr. Padron's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25. At all relevant times herein, Mr. Padron was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. For roughly the first four months of Mr. Padron's employment with European Republic, he worked a regular schedule of twelve hours per day, seven days per week, for a total of about 84 hours per week.

27. For approximately the next thirteen months of his employment, from February 2015 through March 2016, Mr. Padron generally worked six days per week. Each week he worked three twelve-hour days, s well as days of six, eight, and ten hours, for a total of about 60 hours per week.

28. For the remaining ten months of his employment, he worked a five-day schedule, with three twelve-hour days, s well as days of eight and ten hours, for a total of about 54 hours per week.

29. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

30. Instead, Mr. Padron would be asked at the end of the week to write down the number of hours he worked on a scrap of paper, and turn it in to defendants.

31. When Mr. Padron's employment began, he was paid $6.50/hour. After roughly four months, he received a raise to $7.00/hour, and in approximately November 2016, he received a second raise to $7.50/hour.

32. Mr. Padron received these amounts for all hours he worked, regardless of the number of hours he worked each week.

33. As a result, Mr. Padron's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

34. In addition to his pay, Mr. Padron generally received some tips for his delivery work.

35. However, defendants never provided Mr. Padron with any notices or information regarding the "tip credit."

36. Upon information and belief, defendants did not keep records of the tips received by Mr. Padron.

37. Moreover, roughly one third of Mr. Padron's duties consisted of non-tippable work such as dishwashing and food preparation.

38. Defendants' failure to pay Mr. Padron an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

39. Mr. Padron was paid in cash throughout his employment, and he received no paystubs or wage statements of any sort with his pay.

40. In addition, defendants failed to pay Mr. Padron any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

41. Defendants' failure to pay Mr. Padron the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

42. Mr. Padron worked multiple shifts per week that lasted in excess of ten hours from start to finish – seven shifts per week for the first four months, and three shifts per week thereafter – yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and

the supporting New York State Department of Labor regulations.

43. Defendants failed to provide Mr. Padron with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

44. Defendants failed to provide Mr. Padron with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

45. In addition, Mr. Padron was required to supply his own car as the "tool of his trade" for the purpose of making deliveries.

46. During the course of these deliveries, Mr. Padron incurred expenses for, inter alia, gasoline, maintenance, and wear-and-tear of his car.

47. Defendants did not reimburse Mr. Padron for the actual expenses he incurred in supplying this tool of the trade; for that reason, defendants did not ask or tell Mr. Padron to keep records of these expenses.

48. Instead, defendants had a policy of paying a token flat per-delivery amount to Mr. Padron. Defendants generally paid Mr. Padron $1.00 per delivery, regardless of how many miles he had to travel.

49. This amount was insufficient to reimburse Mr. Padron for his actual expenses incurred.

50. Although during the relevant time period the IRS calculated a reasonable business expense of between $0.54 and $0.575 per mile for operating a motor vehicle, defendants' policies resulted in a reimbursement rate of closer to $0.20 per mile.

51. Because Mr. Padron incurred unreimbursed expenses for his "tool of the trade," and because he was being paid below the statutory minimum wage when making deliveries, his actual compensation, "free and clear," was less than the applicable minimum wage.

52. Upon information and belief, throughout the period of Mr. Padron's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Padron (the Collective Action Members) in positions at defendants' restaurants that required little skill, no capital investment, and with duties and

responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

53. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime and – for the delivery drivers – the reimbursement of business expenses for "tools of the trade."

54. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

55. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

56. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

57. Upon information and belief, these other individuals were not provided with required wage notices or

weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

58. Upon information and belief, the other such individuals who made deliveries were not fully reimbursed for their expenses, and did not receive their wages "free and clear."

59. Upon information and belief, while defendants employed Mr. Padron and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

60. Mr. Padron, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, defendants employed Mr. Padron and the Collective Action Members within the meaning of the FLSA.

62. Defendants failed to pay a salary greater than the minimum wage to Mr. Padron and the Collective Action Members for all hours worked.

63.   As a result of defendants' willful failure to compensate Mr. Padron and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

64.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65.   Due to defendants' FLSA violations, Mr. Padron and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law – Minimum Wage)

66.   Mr. Padron repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67.   At all relevant times, Mr. Padron was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68.    Defendants willfully violated Mr. Padron's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

69.    Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70.    Due to defendants' New York Labor Law violations, Mr. Padron is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

71.    Mr. Padron, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72.    At all relevant times, defendants employed Mr. Padron and each of the Collective Action Members within the meaning of the FLSA.

73. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

74. As a result of defendants' willful failure to compensate their employees, including Mr. Padron and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

76. Due to defendants' FLSA violations, Mr. Padron and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

77.  Mr. Padron repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78.  At all relevant times, Mr. Padron was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79.  Defendants willfully violated Mr. Padron's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

80.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81.  Due to defendants' New York Labor Law violations, Mr. Padron is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

82. Mr. Padron repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, Mr. Padron was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84. Defendants willfully violated Mr. Padron's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

85. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

86. Due to defendants' New York Labor Law violations, Mr. Padron is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT VI**

### **(New York Labor Law – Unlawful deductions)**

87.  Mr. Padron repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

88.  At all relevant times, Mr. Padron was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

89.  Mr. Padron was required to incur various expenses on behalf of defendants in the course of his employment.

90.  Defendants failed to fully reimburse Mr. Padron for these expenses.

91.  These failures to reimburse Mr. Padron constitute de facto deductions from wages.

92.  These de facto deductions were not for the benefit of Mr. Padron and are not among the legitimate deductions authorized by New York Labor Law § 193.

93.  Moreover, these unreimbursed expenses brought Mr. Padron's wages even farther below the minimum wage, in violation of 12 N.Y.C.R.R. § 146-2.7(c).

94.  As a result, defendants have violated New York Labor Law.

95. These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

96. Due to defendants' New York Labor Law violations, Mr. Padron is entitled to recover from defendants compensation for these unreimbursed expenses, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action

## COUNT VII

### (New York Labor Law – Wage Theft Prevention Act)

97. Mr. Padron repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

98. At all relevant times, Mr. Padron was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

99. Defendants willfully violated Mr. Padron's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

100. Defendants willfully violated Mr. Padron's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

101. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Padron is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

102. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Padron is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Padron respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29

U.S.C. § 216(b), and appointing Mr. Padron and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.   Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.   Compensation for monies deducted from plaintiff's pay via unreimbursed expenses, in violation of New York Labor Law;

i.   Liquidated damages for defendants' New York Labor Law violations;

j.   Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k.   Back pay;

l.   Punitive damages;

m.   An award of prejudgment and postjudgment interest;

n.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.   Such other, further, and different relief as this Court deems just and proper.

Dated:  January 20, 2017

_____
David Stein

SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of European Republic Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de European Republic Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Osvaldo Padron

Date: January 20, 2017